**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CATHERINE J. LOUDON,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHSOUTH CORPORATION, *et al.*,<br><br>Defendants. | ) | Case 2:16-cv-02713 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. INTRODUCTION.

Plaintiff alleges she was employed by Defendants HealthSouth Corporation ("HealthSouth") and K.C. Rehabilitation Hospital, Inc., d/b/a Mid America Rehabilitation Hospital ("MARH") as the Director of Human Resources at MARH. Complaint, ¶4; Complaint, Ex. A. Plaintiff's supervisor was Troy Dedecker, CEO of MARH. Complaint, ¶17; Complaint, Ex. A.

Plaintiff alleges her employment was terminated on February 25, 2015, in violation of Title VII and 42 U.S.C. § 1981 because Plaintiff "opposed Mr. Dedecker's outbursts regarding hospital operations, budget concerns and human resources matters." Complaint, ¶¶18, 19.

Taking Plaintiff's pleaded facts as true, she has failed to state a claim against HealthSouth because Plaintiff has pled no facts to show HealthSouth was her employer. Plaintiff's Complaint, accordingly, should be dismissed with prejudice against HealthSouth.

Additionally, Plaintiff has failed to state a claim against either HealthSouth or MARH for retaliation under Title VII or 42 U.S.C. § 1981 because Plaintiff has not engaged in protected opposition to discrimination. As Director of Human Resources, Plaintiff cannot engage in protected activity as a matter of law on issues that relate to her human resources job duties.

Further, Plaintiff's alleged protected activity was, at best, personal grievances by Plaintiff stemming from her disagreement with Dedecker about how to handle personnel issues at MARH. Lastly, even assuming Plaintiff did engage in protected activity, Plaintiff has not pled any facts to show a causal connection between her alleged protected activity and the termination of her employment. Accordingly, Plaintiff's Complaint should be dismissed with prejudice against both Defendants.

## II. STANDARD OF REVIEW.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(a)(2), however, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of another era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Federal Rule of Civil Procedure 12(b)(6) requires a court to dismiss a complaint if, accepting the well-pleaded facts as true, plaintiff fails to plead facts sufficient to support the relief sought. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The purpose of Rule 12(b)(6) is to "streamline litigation by dispensing with needless discovery and fact-finding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a court must accept all well-pleaded facts as true, courts "are not bound to accept as true legal conclusions couched as factual allegation." *Id.* (internal quotations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (internal quotations omitted). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.'" *Twombly*, 550 U.S. at 557-58 (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). If the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

## III. ARGUMENT.

### A. HealthSouth Should be Dismissed Because Plaintiff's Single Conclusory Allegation that "Defendants employed Loudon" is Insufficient to Establish an Employment Relationship with HealthSouth.

The protections of Title VII and 42 U.S.C. § 1981 apply only to discrimination against an employee by that person's employer. *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1225 (10th Cir. 2014); *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213 (10th Cir. 2002). "If a plaintiff cannot meet her burden to prove the defendant was her employer, her wage discrimination and retaliatory termination claims necessarily fail." *Knitter*, 758 F.3d at 1225

(citing *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1069 (10th Cir. 1998)).

Here, MARH concedes it was Plaintiff's employer. However, Plaintiff's only allegation about her employment relationship with HealthSouth is a conclusory assertion that "Defendants employed Loudon." Complaint, ¶4. This allegation is precisely the type of "legal conclusion[] couched as factual allegation" the Court should not accept. *See Iqbal*, 556 U.S. at 679. Plaintiff's conclusory assertion is insufficient to establish an employment relationship with HealthSouth under either the single employer or joint employer tests.[1] Accordingly, the Court should dismiss HealthSouth from this lawsuit with prejudice.

**1. The Single Employer Test.**

"[T]he single employer test permits 'a plaintiff who is the employee of one entity . . . to hold another entity liable by arguing that the two entities effectively constitute a single employer.'" *Knitter*, 758 F.3d at 1225 (quoting *Bristol*, 312 F.3d at 1218). "Courts applying the single-employer test generally weigh four factors: '(1) interrelations of operation; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control.'" *Knitter*, 758 F.3d at 1225 (quoting *Bristol*, 312 F.3d at 1220).

Here, Plaintiff's Complaint contains nothing about either Defendant or their relationship to one another.

**2. The Joint Employer Test.**

Two entities are considered joint employers if they 'share or co-determine those matters governing the essential terms and conditions of employment.'" *Knitter*, 758 F.3d at 1226 (quoting *Bristol*, 312 F.3d at 1218) (quotations omitted). "'Most important to control over the terms and conditions of an employment relationship is the right to terminate it under certain

[1] Plaintiff has not identified the test she intends to apply to hold HealthSouth liable. HealthSouth has, accordingly, analyzed the issue under both tests that could apply.

circumstances . . . .' *Bristol*, 312 F.3d at 1219. Additional factors courts consider for determining control under the joint employer test include the ability to 'promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; . . . day-to-day supervision of employees, including employee discipline; and . . . control of employee records, including payroll, insurance, taxes and the like.'" *Knitter*, 758 f.3d at 1226 (quoting *Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485, 491 (W.D. Pa. 2007)). A plaintiff must plead sufficient facts that demonstrate the existence of a joint employment relationship based upon the totality of the working relationship between the parties alleged to be joint employers. *E.g.*, *Konah v. Dist. of Columbia*, 815 F. Supp. 2d 61, 71 (D.D.C. 2011) (dismissing Title VII claim for failure to plead facts sufficient to support joint employer status).; *L'Ggrke v. Asset Plus Corp.*, Case No. 12-596, 2013 U.S. Dist. LEXIS, at *13-14 (N.D. Okla. July 31, 2013) (same).

Plaintiff's Complaint contains nothing about her relationship with HealthSouth or the relationship between HealthSouth and MARH. Accordingly, the Court should dismiss HealthSouth with prejudice.

### B. Plaintiff's Retaliation Claims are Insufficiently Pled and Should be Dismissed under Rule 12(b)(6).

To establish a prima facie case of retaliation under Title VII and 42 U.S.C. § 1981[2], Plaintiff must show that (1) she engaged in protected opposition to discrimination, (2) she suffered a material adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action. *Thomas v. Berry Plastics Corp.*, 803 F.3d 510, 514 (10th Cir. 2015).

Plaintiff's retaliation claims fail because Plaintiff did not engage in protected opposition to discrimination and because Plaintiff has not pled any facts to show a causal connection

[2] "[T]he showing required to establish retaliation is identical under § 1981 and Title VII." *Twigg v. Hawker Beechcraft Corp.,* 659 F.3d 987, 998 (10th Cir. 2011).

between any alleged protected activity and the termination of her employment.

**1. Plaintiff has not engaged in protected opposition to discrimination.**

To establish the first element of a prima facie case of retaliation, Plaintiff must plead facts showing that she "oppose[d] discrimination prohibited by Title VII." *Stockdale v. Marriot Intern.*, Case No.13-2032-JAR-JPO, 2013 WL 1149995, at *1 (D. Kan. March 19, 2013). "[C]omplaints about personal grievances" are insufficient to support a retaliation claim. *Id.* at *1 (citing *Wirtz v. Kan. Farm Bureau Serv., Inc.*, 274 F.Supp.2d 1198, 1212 (D. Kan. 2003)).

Plaintiff has alleged the same facts in support of both retaliation claims. Complaint, ¶¶21-28. Plaintiff's alleged protected opposition to discrimination consists of the following:

- 1 - Suspending an alleged sexual harasser despite Dedecker's specific directive not to do so. Complaint, ¶¶18(a), 20.
- 2 - Refusing to terminate an employee despite Dedecker's specific directive to do so because Plaintiff believed there was not enough evidence to support the termination. Complaint, ¶¶18(c)-(d), 20.
- 3 - Reporting and opposing concerns about salary inequities based on gender/sex and race. Complaint, ¶¶18(h), 20.
- 4 - Refusing Mr. Dedecker's directive not to involve corporate human resources. Complaint, ¶¶18(f), 18(i), 20.

For a human resources director to engage in protected activity, the employee must "'step outside . . . her role of representing the company and either file (or threaten to file) an action adverse to the employer, actively assist other employees in asserting [Title VII] rights, or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by [Title VII]." *Weeks v. Kansas*, 503 Fed. Appx. 640, 642 (10th Cir. 2012) (internal quotations omitted) (holding that an in-house lawyer who reported concerns of unlawful discrimination and advised that they be taken seriously had not engaged in protected activity); *See* also *McKenzie v. Renberg's Inc.,* 94 F.3d 1478, 1486-87 (10th Cir. 1996) (holding

that a personnel director who informed her employer that it was at risk of claims that might be brought by other employees for alleged wage and hour violations had not engaged in protected activity because plaintiff "never crossed the line from being an employee merely performing her job as personnel director to an employee lodging a personal complaint about the wage and hour practices of her employer and *asserting* a right adverse to the company." (emphasis in original). *See also Littlejohn v. City of New York*, 795 F.3d 297, 318 (2d Cir. 2015) ("To the extent an employee is required as part of her job duties to report or investigate other employees' complaints of discrimination, such reporting or investigating by itself is not a protected activity under § 704(a)'s opposition clause, because merely to convey others' complaints of discrimination is not to oppose practices made unlawful by Title VII.").

Here, every incident of alleged protected activity pled by Plaintiff arose directly from her job duties as MARH's Director of Human Resources to investigate complaints, address personnel issues, and take corrective action. Accordingly, none of Plaintiff's alleged protected activity can support a retaliation claim as a matter of law. Plaintiff's Complaint, thus, should be dismissed in its entirety with prejudice.

Next, Plaintiff's allegations of protected activity in numbers 1, 2, and 4 are merely "personal grievances" by Plaintiff stemming from her disagreement with Dedecker about the appropriate way to conduct an internal investigation and whether sufficient evidence existed to terminate someone's employment. *Stockdale*, 2013 WL 1149995, at *1 (holding that complaints about personal grievances are insufficient to support a retaliation claim). Neither Title VII nor Section 1981 requires, prohibits, or even addresses the suspension of an alleged sexual harasser, the quantum of evidence required to terminate someone's employment, or the involvement of human resources in an internal investigation. Further, although Plaintiff alleges she refused

Dedecker's directive not to involve corporate human resources, Plaintiff has not alleged that she actually contacted corporate human resources against Dedecker's will. To the contrary, Plaintiff alleges it was Dedecker himself who contacted corporate human resources. Complaint, ¶18(f). Accordingly, none of these alleged acts constitutes protected activity. Therefore, both Counts I and II should be dismissed.

Count II should be dismissed for the additional reason that Plaintiff's allegations of protected activity do not relate to race discrimination (the only type of discrimination prohibited by Section 1981). *See Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987) ("Although § 1981 does not itself use the word 'race,' the Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts.").

**2. Plaintiff has not sufficiently pled a causal connection between her alleged protected activity and the termination of her employment.**

Plaintiff's retaliation claims also fail because she has not pled any facts to permit a reasonable inference of a causal connection between her alleged protected activity and the termination of her employment. To establish a causal connection, "Plaintiff must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *McDermott v. GMD-100, LLC*, No. 14–2296–JAR–JPO, 2014 WL 6895922, at *4 (D. Kan. Dec. 5, 2014) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013)). Although evidence of a close temporal proximity between the alleged protected activity and the retaliatory conduct may support an inference of retaliatory motive, temporal proximity – standing alone – must be very close in time. *See Moore-Stovall v. Shinseki*, 969 F. Supp. 2d 1309, 1330-1331 (D. Kan. 2013) (noting that while a temporal proximity of one and one-half months may be sufficient to establish causation, a three-month temporal proximity is not); *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1991) (holding that a three month period of time between protected

activity and termination, standing alone, does not establish a causal connection.).

Here, Plaintiff has alleged that her employment was terminated on February 25, 2015. Complaint, ¶19. Plaintiff, however, has provided no dates on which she engaged in any of the alleged protected activity. Plaintiff has merely asserted, without elaboration, that it all occurred "[d]uring the last months of Plaintiff's employment," Complaint, ¶18, and that it caused the termination of her employment. Plaintiff's vague reference to protected activity in "the last months" of her employment is meaningless and, accordingly, insufficient – without more -- to establish a causal link. But Plaintiff has provided nothing more. Plaintiff has pled no facts to permit an inference that Dedecker had any retaliatory motive.

In short, Plaintiff has provided nothing but a conclusory assertion that retaliation occurred. This is precisely the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, that the Court should dismiss before Defendants spend needless time and money on discovery of a meritless claim. Counts I and II should be dismissed with prejudice.

## IV. CONCLUSION.

Based on the foregoing facts, arguments, and authorities, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and award any other appropriate relief.

Dated: November 14, 2016

Respectfully submitted,

*/s/ Robert A. Sheffield*

Jeannie M. DeVeney #17445
Robert A. Sheffield #25732
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106
Telephone: (816) 627-4400
Facsimile: (816) 627-4444
jdeveney@littler.com
rsheffield@littler.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2016, a true and correct copy of the above and foregoing was filed through the Court's electronic filing system which sent notice of the filing to the following individual:

Amy L. Coopman
FOLAND, WICKENS, EISFELDER
ROPER & HOFER, P.C.
1200 Main Street, Suite 2200
Kansas City, MO 64105
acoopman@fwpclaw.com

ATTORNEYS FOR PLAINTIFF

*/s/ Robert A. Sheffield*
ATTORNEY FOR DEFENDANTS